**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK STAMPONE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MATTHEW WALKER (DIRECTOR OF OPERATIONS), and NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,<br><br>　　　　　Defendants. | Civil Action No.: 15-6956 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of *pro se* Plaintiff's "Motion to Reconsider [this Court's Order and Opinion Dismissing his Second Amended Complaint] and Stay Also [*sic*] Extension of Time to File 3rd Amended Complaint," (ECF No. 64) pursuant to L. R. Civ. P. 7.1 (ECF No. 64). Defendants George Laufenberg, Northeast Carpenters Funds, Matthew Walker, New York City District Council of Carpenters, and New York City District Council of Carpenters Benefit Funds (collectively "Defendants") have all submitted opposition (ECF Nos. 66, 68, and 69), which Plaintiff has not replied to. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants in part and denies in part Plaintiffs' Motion for Reconsideration and Extension of Time to File a Third Amended Complaint.

## **BACKGROUND**

The facts of this action have been described at great length in a number of Opinions issued by this Court, including in the Court's most recent Opinion from which Plaintiff seeks

reconsideration. As such, and in the interest of judicial economy, the Court refers the parties to those Opinions for a factual background.

## LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted '*very sparingly*.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (Martini, J.)) (emphasis added); *see also Fellenz v. Lombard Investment Corp.*, 400 F.Supp.2d 681, 683 (D.N.J. 2005) (Thompson, J.). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001) (Walls, J.). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld,* 161

F.Supp.2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

## ANALYSIS

Plaintiff begins his motion by stating "Plaintiff is [p]ro [s]e and [d]oes [n]ot [u]nderstand" the reason for dismissal of his Second Amended Complaint. (*See* ECF No. 60-1 ("Pl. Mov. Br.") at 2). He continues by asserting that "[i]t appears that the court wants plaintiff to file a [p]re-[t]rial submission with out [*sic*] having an Order for [d]iscovery and the court is giving plaintiff less then [*sic*] 2 weeks to file this." (Id.). According to Plaintiff, it will take him "more than 2 months just to figure out what the court is looking for." (Id.). Apparently, Plaintiff believes that discovery and "[v]ital [i]nformation" is necessary "to prove his case." (Id.). Plaintiff goes on to recite the procedural posture of this action, of which this Court has addressed in its prior Opinions. (Pl. Mov. Br. at 2-3).

After a review of Plaintiff's submissions, this Court must deny his Motion for Reconsideration. This is because said Motion fails to meet the above standard. Plaintiff does not cite to any change in intervening controlling law, or any law whatsoever, which would require this Court to overturn its prior decision. Additionally, Plaintiff does not point to any new evidence which recently availed itself to him that would change this Court's prior disposition. Finally, Plaintiff does not submit that this Court made any clear error of law or manifest injustice that would require reversal.

Rather, Plaintiff seems to be attempting to re-litigate the merits of Defendants' Motions to Dismiss, which resulted in the dismissal of Plaintiff's Second Amended Complaint. Indeed, a

review of the Plaintiff's Motion shows that Plaintiff strictly relies upon his prior submissions. For example, Plaintiff's "Statement of Undisputed Facts" explicitly relies on exhibits relating to his December 2016 "Motion to Stay, Motion for Discovery" (ECF No. 52), which was later deemed to be Plaintiff's purported opposition to Defendants' Motions to Dismiss the Second Amended Complaint. (Pl. Mov. Br. at 4-5, ¶¶ 6, 7, 8, 12, 17, 19, and 21). Plaintiff's "Legal Argument" section also relies on previously submitted material. (Pl. Mov. Br. at 6). However, as noted above, that is not the purpose of a Motion for Reconsideration. As discussed, a Motion for Reconsideration is not designed to be an opportunity to re-litigate an unfavorable outcome, but rather, it is a vehicle for litigants to allow the Court to correct any error in its prior decisions. Simply put, Plaintiff has not provided this Court with a single argument, citation to law, or fact warranting reconsideration. Accordingly, since Plaintiff has not met the high standard to succeed on Motion for Reconsideration, the Court denies the application. Nonetheless, given his *pro se* status, the Court will grant Plaintiff's request for an extension of time to file a Third Amended Complaint.

## CONCLUSION

For the reasons above, the Court denies Plaintiff's Motion for Reconsideration. Plaintiff shall have until Friday, May 5, 2017 to file a Third Amended Complaint to address the deficiencies identified in the Court's February 8, 2017 Opinion. Further, as noted in said Opinion, the Third Amended Complaint is to include a separate section for each cause of action being asserted. Each section shall contain separate numbered paragraphs with substantive facts relating to the cause of action being asserted. Failure to comply with these instructions, including the deadline set forth herein to file the Third Amended Complaint, shall result in a dismissal *with* prejudice. An

4

appropriate Order accompanies this Opinion.

DATED: April 5th, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE